STATE of Missouri, Respondent,

v.

Tommie Lee THOMPSON, Appellant.

No. 53404.

Supreme Court of Missouri,
Division No. 1.

June 10, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Harry J. Mitchell, Sp. Asst. Atty. Gen., Palmyra, for respondent.

James E. Moore III, Sikeston, for appellant.

HENLEY, Presiding Judge.

Tommie Lee Thompson was charged with and convicted of burglary, second degree, and stealing. A jury assessed his punishment at four years' imprisonment for the burglary and two years for stealing. Judgment was entered sentencing him in accordance with the verdict, the sentences to run concurrently. He appeals. We reverse.

The state relies solely on circumstantial evidence, contending that the articles found in defendant's possession at the time of his arrest connect him with the stealing and, therefore, with the burglary. Defendant offered no evidence and stood on his motion for directed verdict filed at the close of the state's case. The one decisive point raised by defendant on this appeal is that the state failed to make a submissible case, that the evidence is not sufficient to sustain the verdict. More specifically, his point is that the state, by its evidence, failed to identify the articles found in his possession as those allegedly stolen.

The evidence shows that on the evening of February 17, 1965, sometime between 6:30 and 9:00 o'clock, the residence of Daris Burgess in Sikeston, Missouri, was broken into and entered and certain personal articles stolen while the Burgess family was attending church. The articles stolen were, among others, one new brown leather man's wallet, bearing the name "Swank"; one new pair of men's black leather gloves, bearing the legend "made in Japan"; and eighteen hundred pennies. On February 20, 1965, three days after the burglary, defendant was arrested on suspicion of burglaries. At the time of his arrest he had on his person one brown leather man's wallet, bearing the name "Swank"; one pair of men's black leather gloves, bearing the legend "made in Japan"; ninety-four pennies, and other articles.

Daris Burgess testified that the gloves and wallet found on defendant's person were "exactly like" those taken from his home; that he had not worn the gloves or used the wallet; that the gloves fit him like those taken from his home; that the wallet, and a key chain he (Burgess) carried, were of a set given him Christmas, 1964; that both bore the name "Swank," and fit the box in which they came. He further testified, on cross-examination, that his gloves and those found on defendant were not, so far as he could tell, different from any other pair of black leather gloves made in Japan; that he had stated previously that his gloves had a black lining, whereas those found on defendant had a white lining; that he could not now remember the color of the lining in his gloves; that the most he could say about the wallet found on defendant was that it was "similar" to his; that he could not identify the wallet as being his or "exactly like" his. He stated, of course, that he could not identify the pennies found on defendant's person.

In State v. Murphy, 356 Mo. 110, 201 S. W.2d 280, 282, the court said:

"Inasmuch as the evidence of defendant's agency in the theft is entirely circumstantial the facts and circumstances relied upon by the state to establish guilt must not only be consistent with each other and with the hypothesis of defendant's guilt, but they must also be inconsistent and irreconcilable with his innocence, and must point so clearly and satisfactorily to guilt as to exclude every reasonable hypothesis

of innocence. State v. Freyer, 330 Mo. 62, 48 S.W.2d 894; State v. Pritchett, 327 Mo. 1143, 39 S.W.2d 794; State v. Archer, Mo.Sup., 6 S.W.2d 912.

"In ruling the sufficiency of the evidence to support a verdict of guilty, even in cases where the evidence is wholly circumstantial, all the substantial testimony tending to support the verdict must be considered as true, and every legitimate inference therefrom favorable to the verdict must be indulged. State v. Allen, 342 Mo. 1043, 119 S.W.2d 304; State v. Smith, 329 Mo. 272, 44 S.W.2d 45. The law requires, however, that the facts and circumstances of record do more than raise a mere suspicion that defendant is guilty as charged for verdicts based on surmise, conjecture, suspicion or mere opportunity to commit the crime cannot be permitted to stand. State v. Schrum, 347 Mo. 1060, 152 S.W.2d 17; State v. Pritchett, supra."

The evidence shows that defendant also resided in the City of Sikeston, his home being about one quarter mile from the Burgess home. But there is no evidence he was at the Burgess home or anywhere near it during the hours in which this burglary was committed, or at any other time, or that he was in Sikeston on that date. The facts, in a light most favorable to the verdict, are that the wallet and gloves found on defendant's person are "exactly like" those of Mr. Burgess. That is a far cry from identifying those articles as the property of Mr. Burgess, as charged in the information. As indicated by the testimony of the prosecuting witness, there can be no doubt there are many such articles "exactly like" his gloves and wallet and those found in defendant's possession. Can defendant's conviction be upheld merely because he happened to have in his possession gloves and a wallet "exactly like" those stolen, "exactly like" many and possibly hundreds of others? We do not think so. The most that can be said for this evidence is that it is consistent with guilt and casts a suspicion, but the law requires more than that. Those facts are not at all inconsistent with defendant's innocence and are not inconsistent with the possibility that this burglary and stealing may have been committed by someone else.

The evidence was not sufficient to identify the articles found in defendant's possession as those stolen from the Burgess home; the circumstance that those articles were "exactly like" those of Mr. Burgess was not substantial evidence inconsistent with a reasonable hypothesis of defendant's innocence. State v. Murphy, supra; State v. Lease, Mo., 124 S.W.2d 1084, 1086[3]; State v. Hampton, Mo., 275 S.W.2d 356, 358[3]; 52 C.J.S. Larceny § 132, p. 967.

The judgment must be reversed for the above reasons and, since it appears from the record that a case could not be made for submission to a jury upon another trial, the defendant should be discharged.

The judgment is reversed and defendant is ordered discharged.

All concur.