**STATE of Missouri, Respondent,**

v.

**Nathan Thomas MILLER, Appellant.**

**No. 53688.**

Supreme Court of Missouri,
Division No. 2.

Nov. 12, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Glen C. Schomburg, Sp. Asst. Atty. Gen., Kirkwood, for respondent.

J. Arnot Hill, The Legal Aid and Defender, Society of Greater Kansas City, Kansas City, for appellant.

DONNELLY, Judge.

Defendant, Nathan Thomas Miller, was convicted of receiving stolen property from another under § 560. 270, RSMo 1959, V.A. M.S., by a jury in the Circuit Court of Jackson County, Missouri, and his punishment under the provisions of the Habitual Criminal Act, § 556.280, RSMo 1959, V.A. M.S. (as amended Laws 1959, S.B. 117),

was assessed at imprisonment in the custody of the State Department of Corrections for a term of five years. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

According to the evidence, the Gateway Sporting Goods Company closed its store at 1009 Main, Kansas City, Missouri, at 5:30 p. m., on Saturday, February 11, 1967, and did not re-open the store until Monday morning, February 13, 1967. During said period the store was broken into and a Beretta pistol, a Polaroid Swinger camera, two packs of Polaroid film, a Westinghouse travel clock-radio, and other items, were stolen from the store. At 9:00 a. m. on Sunday, February 12, 1967, defendant appeared at the home of Mrs. Mary Ceasar with a bag of gifts for Valentine's Day. He gave the Polaroid camera to Mrs. Ceasar, the clock-radio to her daughter Margaret, and the pistol to her daughter Rosemary. Defendant was not gainfully employed from December of 1966 until February 12, 1967. Mrs. Ceasar had last seen defendant about three months prior to February 12, 1967. Margaret had last seen defendant about two or three months prior to February 12, 1967.

Section 560.270, RSMo 1959, V.A.M.S., reads as follows:

"Every person who shall buy, or in any way receive, with intent to defraud, any property that shall have been stolen from another, knowing the same to have been stolen, shall, upon conviction, be punished in the same manner and to the same extent as for the stealing of the property so bought or received."

The issue is whether the State proved that defendant received the stolen property from another, *"knowing the same to have been stolen."*

The State urges that guilty knowledge may be inferred from the evidence. Its position is as follows:

"The Gateway Store was burglarized sometime after 5:30 P.M. on Saturday,

February 11, 1967 and defendant appeared at the home of Mary Ceasar at 9:00 A.M. on Sunday, February 12, 1967 with most of the stolen articles. Few or no regular business hours transpired between the earliest time the articles could have been taken and when the defendant appeared with them at the home of Mrs. Ceasar, thus inferring defendant received them from a nonmercantile source during the late hours of Saturday, February 11, 1967, or the early hours of Sunday, February 13, 1967. Some of the articles still had Gateway labels on them when recovered. Also, defendant had been unemployed since December, 1966 and inferentially would not have money to purchase the articles as Valentine gifts for some acquaintances, one of whom he had not seen for three months and another of whom he had not seen for two or three months."

■ We recognize that guilty knowledge "may be inferred from facts and circumstances in evidence." State v. Ham, Mo.Sup., 104 S.W.2d 232, 233. We also recognize that in "ruling the sufficiency of the evidence to support a verdict of guilty, even in cases where the evidence is wholly circumstantial, all the substantial testimony tending to support the verdict must be considered as true, and every legitimate inference therefrom favorable to the verdict must be indulged." State v. Thompson, Mo.Sup., 428 S.W.2d 742, 744.

However, we believe that the facts and circumstances of record in this case do no more than raise a mere suspicion that defendant is guilty as charged. In State v. Thompson, supra, 428 S.W.2d 742, 744, this Court also said: " * * * The law requires, however, that the facts and circumstances of record do more than raise a mere suspicion that defendant is guilty as charged for verdicts based on surmise, conjecture, suspicion or mere opportunity to commit the crime cannot be permitted to stand. * * *"

" * * * Many cases have held guilty knowledge requires knowledge on the part of the accused of the stolen character of the goods at the time he received them. This means actual knowledge must be proved and found, not mere negligence in failing to know, not what a reasonably prudent man might know or believe, not facts which would put a reasonably prudent man on guard, although of course the knowledge which defendant possessed may be shown by circumstances. And the mere fact of possession of the goods by the defendant raises no presumption defendant knew the property had been stolen by another." State v. Taylor, Mo.Sup., 422 S.W.2d 633, 636.

■ The evidence here shows that on Sunday morning defendant had in his possession articles which had been stolen from the Gateway Store, that he had been unemployed for some period of time, and that, by inference, he had no means with which to have purchased such articles. There is no evidence that some other person stole the goods. There is no evidence that defendant obtained the goods from another person. The evidence is more consistent with guilt of the charge of stealing than with guilt of the charge of receiving stolen property from another. In any event, it seems to us that only by resorting to speculation and conjecture outside of and beyond the scope of the evidence may it be found that defendant received stolen property from another, *"knowing the same to have been stolen."*

■ The judgment is reversed, and, since it appears from the record that a case could not be made for submission to a jury upon another trial for violation of § 560.-270, supra, the defendant should be discharged. Cf. State v. Patton, Mo.Sup., 308 S.W.2d 641.

The judgment is reversed and defendant is ordered discharged.

All of the Judges concur.