**STATE of Missouri, Respondent,**

v.

**Dallas Ray DELAY, Appellant.**

**No. 55040.**

Supreme Court of Missouri,
Division No. 1.

June 8, 1970.

John C. Danforth, Atty. Gen., Thomas L. Patten, Asst. Atty. Gen., Jefferson City, for respondent.

Friend B. Greene, Eminence, for appellant.

HIGGINS, Commissioner.

Dallas Ray Delay was charged by information with knowingly receiving stolen property, specifically the doors and frame of a 1967 International Tractor, Serial No. G223368, of the property of Elfrink Truck Lines, Inc., and of a value in excess of $50. A jury convicted him but failed to agree on punishment, and the court assessed punishment at 5 years' imprisonment. Sentence and judgment were rendered accordingly. §§ 560.270 and 560.161, V.A.M.S.; Criminal Rule 27.03, V.A.M.R.

Section 560.270, supra, provides punishment for buying or receiving stolen property by one "knowing the same to have been stolen," and appellant's sole contention is that the state failed to make a submissible case of the required guilty knowledge of the accused.

1

On May 8, 1967, Sergeant Kenneth Link of the Missouri State Highway Patrol was investigating the report of a missing 1967 International tractor, Serial No. G223368, reported missing by Sylvester Elfrink, President of Elfrink Truck Lines, Inc., from its lot in St. Louis, Missouri. He went to a salvage yard on U. S. Highway 60, three miles east of Van Buren, Carter County, Missouri, operated by Dallas Ray Delay on real estate owned by Dallas Ray Delay and his brother, Ernie Delay. While at the Delay premises looking for other missing property, he saw the frame and two doors from the 1967 International. The frame bore the serial number of the truck reported missing by Mr. Elfrink, and the doors bore the name, color, and symbols of the Elfrink company. The doors were lying against the back side of a garage building in the salvage yard. Sergeant Link was present when Mr. Elfrink identified the doors and frame as his property.

Sylvester Elfrink stated that the International tractor was first missed when the driver reported for work at 7:30 or 8:00 a. m., Monday, May 8, 1967. The truck had been parked at Elfrink's St. Louis lot around noon Saturday, May 6, 1967. The doors were locked, the keys were taken into the office, and the office was locked. No one had permission to move the truck from the lot. Mr. Elfrink went to Van Buren and identified the doors and frame as parts of Elfrink's 1967 International tractor, and he placed their value in excess of $50.

Deputy Sheriff Lester Dorris served the search warrant under which the doors and frame were seized. Sheriff Buford Westbrook was present when the warrant was served and the property seized.

Trooper William R. Little of the Missouri State Highway Patrol also was present when the doors and frame were discovered and seized. The doors were "on the South side of the building, around back, near a door that goes into the place. Setting outside. * * * Physically the highway runs North and South but it'd be on the East side of the building, opposite the highway, behind the building."

Charles L. Reppell, evidence technician for the patrol, identified photographs he made of the premises and truck parts.

Defendant stood on his motion for directed verdict of acquittal.

Respondent, citing State v. Taylor, Mo., 422 S.W.2d 633, recognizes that "Many cases have held guilty knowledge requires knowledge on the part of the accused of the stolen character of the goods at the time he received them. This means actual knowledge must be proved and found, not mere negligence in failing to know, not what a reasonably prudent man might know or believe, not facts which would put a reasonably prudent man on guard, although of course the knowledge which defendant possessed may be shown by circumstances.[1] And the mere fact of possession of the goods by the defendant raises no presumption defendant knew the property had been stolen by another." 422 S.W.2d 1. c. 636 [1, 2].

Respondent argues that the only inference that can be drawn from the evidence is that "the truck was driven onto the property of the appellant * * * the appellant dismantled the truck and attempted to hide * * * the doors of the truck," and that this was sufficient "to indicate that appellant knew that the truck was stolen."

The state's evidence is sufficient to show the theft of Elfrink's truck in St. Louis prior to working hours Monday, May 8, 1967, and the presence in the afternoon of May 8, 1967, of the doors and frame of that truck in defendant's salvage yard. The evidence is totally lacking, however, of any showing that defendant received or

1. See State v. Hicklin, 358 Mo., 1016, 218 S.W.2d 564; State v. Simone, Mo., 416 S.W.2d 96.

bought the doors and frame and that he had any knowledge that the truck or any of its parts had been stolen. It requires imagination to infer from the evidence that the doors had been "hidden," inasmuch as the officers had no difficulty seeing them while looking for other property; but, even so, there is no evidence that defendant was responsible for their presence at the side of the building "away from the highway." Nor was there any evidence that the truck was driven into defendant's salvage yard and there dismantled. Accordingly, it cannot be said on this record that the facts do any more than raise a "mere suspicion" of defendant's guilt. State v. Thompson, Mo., 428 S.W.2d 742, 744. See State v. Miller, Mo., 433 S.W.2d 281, where evidence that on Sunday morning defendant, an unemployed person, had possession of articles stolen from a store sometime after closing Saturday evening, some of which still bore the store's label, was insufficient to show that defendant received stolen property knowing it to have been stolen. See also State v. Magers, Mo., 452 S.W.2d 198, which reversed a conviction for receiving stolen property where the evidence failed to show that defendant was the receiver rather than the taker of stolen property.

The record indicates that the state has presented all witnesses to these proceedings and failed to make a submissible case.

Judgment reversed and defendant ordered discharged.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HOLMAN and BARDGETT, JJ., and DALTON, Special Judge, concur.

SEILER, P. J., not sitting.