**STATE of Missouri, Respondent,**

v.

**Samuel Sylvester JOHNSON, Appellant.**

**Samuel Sylvester JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 54513, 56238.

Supreme Court of Missouri, Division No. 2.

Dec. 14, 1970.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

John R. Murphy, Jr., Kansas City, for appellant.

STOCKARD, Commissioner.

In 1960 Samuel Sylvester Johnson, hereafter referred to as appellant, was found guilty by a jury of rape and sentenced to imprisonment for a term of twenty-five years. A motion for new trial was filed but no appeal was perfected. In 1968 the trial court ruled in a proceeding brought pursuant to Rule 27.26, V.A.M.R., that appellant had improperly been denied an appeal, and the judgment and sentence, but not the verdict, were set aside and appellant resentenced. Thereafter a notice of

appeal was filed, counsel appointed, and the appeal perfected which is docketed in this court as Case No. 54,513.

No appeal was taken from the order on the motion pursuant to Rule 27.26 which denied all relief requested by appellant except the right to obtain an appeal on the merits of case in which he was found guilty of rape. In July 1970 appellant filed a second motion pursuant to Rule 27.26 in which he alleged as grounds for relief that in his trial for rape the State knowingly used "incomplete and misleading evidence." This motion was overruled after a hearing, and an appeal has been taken, which is docketed in this court as Case No. 56,238. This court ordered the two appeals consolidated.

In his brief to this court appellant presents two points, neither of which pertains to alleged errors in the trial which resulted in the conviction for rape. The two points are (1) that he was denied the effective assistance of counsel, and (2) that the prosecuting attorney knowingly employed incomplete and misleading evidence in the presentation of the testimony concerning the fingerprints.

■ We note that the contention of ineffectiveness of counsel ordinarily is not reviewable on direct appeal from the judgment of conviction, State v. Martin, Mo., 451 S.W.2d 96, and in any event the issue was not preserved for appellate review in a motion for new trial. Also, the only place in which this issue was presented to the trial court was in the *first* motion pursuant to Rule 27.26, and no appeal was taken from the order disposing of all issues there presented, which included express findings of fact and conclusions of law by the trial court on the issue of alleged ineffectiveness of counsel. We have reviewed the issue by reason of Rule 27.20(c) to determine whether there occurred manifest injustice or miscarriage of justice, and conclude that there did not. In fact, as found by the trial court, the "conduct of [appellant's] court-appointed counsel was exemplary insofar as the actual trial was concerned, and he was as effective as any attorney faced with the difficult task of the defense of this case." The only contentions now made by appellant in support of the alleged ineffectiveness of counsel pertain to what is asserted to constitute errors or mistakes by counsel, at least when reviewed with the benefit of hindsight, and which apparently was the result of action taken following considered trial strategy. The findings and conclusions of the trial court concerning the effectiveness of counsel are not clearly erroneous, and therefore there is no plain error within the meaning of Rule 27.20(c).

■ The second point pertains to alleged improper and misleading evidence. The record of the trial court shows that a portion of a fingerprint was found on a doorknob at the scene of the crime, and that a fingerprint technician testified that he had compared it with a known fingerprint of appellant. He found seven points of similarity and no points of dissimilarity. He was not asked whether he had formed an opinion that the fingerprint was that of appellant. At the hearing on the motion, the prosecuting attorney testified that he did not ask the witness if, he had formed an opinion because the witness had previously told him that he needed nine points of similarity before he could "positively state that the specimen from the doorknob was the fingerprint" of appellant. He further stated that he had presented the evidence the way he did because if he "had a witness who saw someone resembling the defendant" he would use that witness and have him so testify, and that in regard to the fingerprint he had a similar situation in that he had evidence of a thumbprint that resembled the thumbprint of appellant, and it would be for defense counsel to bring out, if he desired, that positive identification could not be made. He also stated that he had found from experience that

if the prosecution did not show whether the police "dusted for fingerprints, * * * you are giving the defendant ammunition to use in closing argument." It seems to be appellant's contention, that even though his counsel cross-examined the fingerprint technician at length, it was the duty of the prosecuting attorney to tell him that the fingerprint technician would not positively identify the fingerprint as that of appellant when his examination disclosed less than nine points of similarity. Appellant asserts that the "non-disclosure of this knowledge [on the part of the prosecuting attorney] constituted extreme unfairness."

This is not a case of the use of perjured testimony that has been suborned by the prosecution, Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, or the knowing use of false evidence. Miller v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690. Neither is it the situation where the prosecution failed to disclose evidence known to it which tended to show that appellant was not guilty of the crime, United States ex rel. Meers v. Wilkins, 2 Cir., 326 F.2d 135, or which would have substantially corroborated the accused's testimony. State v. Thompson, Mo., 396 S.W.2d 697. What appellant contends should have been told him by the prosecution were the conclusions to be drawn from testimony presented by the prosecution, and that does not constitute constitutionally impermissible conduct on the part of the prosecution.

The judgment in each case is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.