Mary **ENGLER**, Plaintiff-Respondent,

v.

Robert **ENGLER**, Defendant-Appellant.

No. 33848.

St. Louis Court of Appeals, Missouri.

June 15, 1971.

Donald S. Hilleary, James S. Golden, Clayton, for defendant-appellant.

Ackerman, Schiller & Schwartz, Theodore F. Schwartz, Clayton, for plaintiff-respondent.

BRADY, Presiding Judge.

This is an appeal from the trial court's judgment sustaining plaintiff's motion for attorney's fees and costs in connection with an appeal from a judgment in her favor.

Plaintiff's motion alleged she had prevailed in a motion to transfer custody of a child by her marriage with defendant; that defendant had appealed the judgment; and that she was without funds to pay her attorney or the costs of the appeal.

She was the only witness. From her testimony and the answers to defendant's interrogatories which were read into evidence, she was employed as a cashier and waitress with a weekly income of $150 to $175 before taxes. She supports two minor children. Her assets include a $3,000 equity in the home in which she is living, a $1,000 demand promissory note, a $500 savings certificate, savings accounts in the total amount of $595, and a checking account which at that time totaled $108. There was no evidence as to plaintiff's expenses. Defendant's gross income was shown to be $650 per month by reading into the record a portion of the transcript of the trial on the motion to modify.

There is no contention that the amount awarded ($500) is excessive. The sole ground of appeal is that the trial court abused its discretion in awarding any attorney's fees to plaintiff on the ground that plaintiff's evidence showed she had sufficient money with which to pay her attorney.

As will appear from the decision of this court (Engler v. Engler, Mo.App., 455 S.W.2d 36) the issue of attorney's fees has been in contention throughout this case. That decision held an award of $500 for attorney's fees and costs for the trial of the motion to modify was unjustified in view of the evidence. The same principles of law there invoked apply to the award now attacked. While it is true that allowances for attorney's fees are largely discretionary with the trial court and that the exercise of that discretion will not be interfered with absent a showing of an abuse thereof, that discretion cannot be exercised without some evidence upon which to base it. Engler v. Engler, supra, and citations at 455 S.W.2d, l. c. 43 [10–12]. As in the earlier appeal, the facts here show that the parties earn approximately the same amount per month gross. There is no evidence bearing upon the husband's financial resources or assets. The assets of the wife total approximately $2,200 plus an equity of at least $3,000 in the house. There is no evidence the defendant has any savings or checking accounts. Under such circumstances we believe the plaintiff has not borne the burden of showing she is not possessed of sufficient means to prosecute this motion. Baer v. Baer, Mo.App., 51 S.W.2d 873, l. c. 880. Under such circumstances the award of attorney's fees to her constituted an abuse of discretion requiring our interference.

The judgment is reversed.

WOLFE, J., and RUDDY, Special Judge, concur.