**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Dwayne Richard HEDRICK, Defendant-Appellant.**

**No. KCD 26374.**

Missouri Court of Appeals, Kansas City District.

Sept. 4, 1973.

**584**

Willard B. Bunch, Public Defender, Douglas N. Merritt, Asst. Public Defender, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Spec. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

Before SHANGLER, P. J. and SWOFFORD and WASSERSTROM, JJ.

SHANGLER, Presiding Judge.

Appellant was convicted by a jury of burglary in the second degree and sentenced to imprisonment for a term of five years. Appellant contends that the evidence was not sufficient to make a jury issue on the offense and, also, that he was deprived of effective assistance of counsel who was ill prepared to defend him.

The evidence of the State was that between the hours of 6:00 p.m. of September 14, 1970 and 9:30 a.m. of September 15, 1970, the door to the Pfaff Oil Company in Chillicothe, Missouri had been broken open, the interior ransacked, and two timepieces, three United States Savings Bonds, and other personal property of trifling value taken. There was also evidence that appellant had been in the service station to make a purchase of a gallon of kerosene on September 14, 1970 and was seen there by the proprietor who gave him change from the cash box. On the afternoon of September 15, 1970, appellant was arrested

at Macon, Missouri, some fifty miles away. A search of his person revealed the two watches recently taken from the Pfaff Oil Company. In addition, a watch hanger and the savings bonds from the front seat of appellant's car were also identified as those missing from the Pfaff Oil Company.

The appellant did not testify or present evidence.

■ An inference of guilt of burglary is permissible from the possession of property recently taken in a burglary and is sufficient to submit that offense to the jury. State v. Durham, 367 S.W.2d 619, 621[2, 3] (Mo.1963). For such an inference to arise however, the possession of the illicit property must be a personal possession, conscious, exclusive, distinct and unexplained. State v. Sallee, 436 S.W.2d 246, 250[1] (Mo.1969). An accused may explain his possession of the property, in which event, the credibility of the explanation becomes one of fact for the jury. If disbelieved by the jury, his possession of the property remains unexplained and the conviction will stand. State v. Denison, 352 Mo. 572, 178 S.W.2d 449, 454[7] (1944).

■ Appellant does not contend that an unlawful entry of the Pfaff Oil Company premises was not shown, but that appellant's possession of the property taken in the burglary was too remote in time to that event to be probative of guilt of that offense. We reject this contention. The articles taken in the burglary were found in appellant's possession—shown by the circumstances to be personal, conscious, exclusive, distinct and a possession for which appellant offered no explanation—not more than 19 hours after the unlawful entry. Possession of a top coat two days after it was stolen [State v. Curley, 142 S.W.2d 34 (Mo.1940)] and possession of an adding machine two months after it was stolen [State v. Denison, *supra,*] was in each case held to be sufficiently recent to support a conviction for larceny. What is meant by recent possession is to be determined from the facts of each case. State v. Jenkins, 213 S.W. 796, 799[9] (Mo.1919). In the circumstances of this case, appellant's possession of the purloined property 19 hours after the burglary was a recent possession.

■ We reject also appellant's related contention that an inference of guilt of the burglary could not properly arise in the absence of a showing that he had knowledge of the stolen character of the goods in his possession. This argument and the authority cited in support, State v. Delay, 455 S.W.2d 1 (Mo.1970), are badly out of point. That case involved a charge of receiving stolen property, an offense which requires for conviction the element of proof that the accused received the property "knowing the same to have been stolen", § 560.-270, RSMo 1969, V.A.M.S., a proof not required for burglary. Nor is appellant's other cited authority, State v. Thompson, 428 S.W.2d 742 (Mo.1968), any more in point. In that case, convictions for burglary and stealing based solely on possession by defendant of goods recently taken in the burglary were set aside because the property was not sufficiently identified as that stolen in the burglary charged, therefore possession was not sufficient, standing alone, to submit the question of guilt to the jury. In this case, the articles taken from the service station were positively identified by Mr. Pfaff.

■ Appellant next contends as trial error that he was denied due process of law when the trial court refused his request to appoint another counsel who was prepared or, in the alternative, when the court failed to stop the trial after counsel's lack of preparation became evident. There are impediments to our review of these alternative points. Firstly, they were not raised in appellant's motion for new trial and, secondly, allegations of ineffective assistance of counsel are not ordinarily reviewable on direct appeal from the judgment of conviction. State v. Johnson, 460 S.W.2d 731, 732[1] (Mo.1970); State v.

Martin, 451 S.W.2d 96, 99[5] (Mo.1970). The normal remedy for a complaint of ineffective assistance of trial counsel is by Rule 27.26, V.A.M.R., proceeding where that issue can be fully developed by evidentiary hearing and thus allow a significant review. State v. Cluck, 451 S.W.2d 103, 106[7, 8] (Mo.1970); State v. Martin, *supra*, 1. c. 451 S.W. 99[5]. An allegation of ineffective assistance of counsel may be treated on direct appeal from the judgment of conviction, however, either as preserved in the motion for new trial under rule 27.-20 or as plain error affecting substantial rights under Rule 27.20(c), where the allegations arise from isolated instances and the record as to each of them is fully developed. State v. Phillips, 460 S.W.2d 567, 569[3] (Mo.1970); State v. Bosler, 432 S.W.2d 237, 238[1, 2] (Mo.1968).

■ It is evident that each of the alternative complaints appellant makes requires an evaluation of the performance of trial counsel in particulars not determinable on this record. Appellant complains both of the trial preparation of his court-appointed counsel and his conduct during the trial, including his failure to attempt suppression of "the only evidence that would connect (appellant) to the crime", among other lapses. It does appear that the trial court had become aware of appellant's discontent with his lawyer's services and, before the commencement of trial, diligently conducted a hearing to determine whether it was justified. Appellant acknowledged then that counsel had consulted with him, discussed every facet of the defense with him, interviewed all witnesses listed to him by appellant and subpoenaed them for trial testimony. His single complaint was that counsel had advised him he believed appellant would be found guilty. The trial court explicitly found that counsel had "adequately advised and represented the defendant to date". Although this record would allow a limited review of the adequacy of representation up to the date of trial, the question of the counsel's conduct during the trial was not developed, and therefore, the full issue asserted on this appeal is not in posture for review. We decline to make fragmentary review on principles of sound appellate practice. We leave appellant to the more adequate Rule 27.26 remedy where he may develop a record on that issue fully adequate for any review that may follow.

The judgment is affirmed.