**STATE of Missouri, Respondent,**

v.

**James Lee POOLE, a/k/a Lee James Poole, Appellant.**

**No. KCD 29280.**

Missouri Court of Appeals, Kansas City District.

Feb. 27, 1978.

Clifford A. Cohen, Kevin R. Locke, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Carson Elliff, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

James Poole was convicted of driving a motor vehicle without the consent of the owner. § 560.175, RSMo 1969. The court sentenced him under the Second Offender Act to five years confinement.

On this appeal Poole contends the evidence was insufficient to prove the automobile he was driving was the property of the owner as alleged by the State. Reversed and remanded.

On this appeal all substantial evidence which tends to support the verdict must be considered as true and every legitimate inference favorable to the verdict must be indulged. *State v. Thompson,* 428 S.W.2d 742, 744 (Mo.1968).

The jury could reasonably have found that a 1966 4-door maroon Malibu was taken from Jude's used car lot sometime during the night of September 18 or early morning of September 19, 1976. The president of the car agency produced a title to this automobile which had listed thereon its identification number. No evidence was elicited from this witness concerning the automobile Poole was found to be driving.

Officer Davis of the Kansas City Police Department stated he observed Poole driving a 1966 Malibu on September 20. The

car did not have a license plate. When Officer Davis transmitted the identification number on this car to the police department he was informed the car was reported as having been stolen. No information was given by Officer Davis as to the name of the owner from whom the car was stolen. Neither did Officer Davis testify as to the color of the automobile Poole was driving or to the number of doors.

The officer who responded to assist Officer Davis testified a Chevrolet Chevelle was the automobile stopped and guessed it was a '68 to '70 model.

The identification number observed by Officer Davis on the automobile Poole was driving was not stated in evidence. No further evidence was introduced concerning the description or identification of the automobile Poole was driving.

Poole was charged with having driven an automobile belonging to Jude's Used Cars and the instruction given to the jury required a finding that Poole was driving a 1966 Chevrolet Malibu owned by Jude's Used Cars. The long established rule concerning the proof of a crime by circumstantial evidence is set forth in *Thompson* at page 743. In *Thompson* the court held the fact the accused had items in his possession "exactly like" those stolen from a residence was not sufficient to show those items were in fact the same items which were stolen. Here Poole challenges the sufficiency of the evidence to prove the automobile he was driving was the same automobile stolen from Jude's Used Cars. In this case there is not even the evidence that the automobile Poole was driving was exactly like the one stolen.

The owner of Jude's did not testify concerning the automobile Poole was seen driving. The officer did not give the color or identification number of the automobile being driven so that it could be ascertained with any degree or certainty the two automobiles were in fact the same. The most that can be said in this case is that a 1966 Malibu was stolen from Jude's and Poole was found to be driving a stolen but otherwise unidentified 1966 Malibu. However, there is no bridge by which the State connected the automobile stolen from Jude's with that driven by Poole. Under the facts shown it would be pure surmise and speculation to say the two cars were the same. A verdict based on speculation cannot stand. *Thompson* at 744.

The State failed to prove the essential fact as to the ownership of the automobile. However, it appears the State may be able to adduce the evidence necessary to prove the automobile driven by Poole was that stolen from Jude's. For that reason the judgment will not be reversed outright. The judgment is reversed and the cause remanded for a new trial. *State v. Wade*, 531 S.W.2d 726, 730[4] (Mo.banc 1976).

All concur.