**STATE of Missouri, Respondent,**

v.

**Arthur MITCHELL, Appellant.**

**No. 62130.**

Supreme Court of Missouri,
En Banc.

July 14, 1981.
Rehearing Denied Sept. 8, 1981.

Joe F. Willerth, Independence, for appellant.

John Ashcroft, Atty. Gen., Nancy Kelly Baker, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Judge.

■ Following our remand of this case, see *State v. Mitchell*, 611 S.W.2d 211 (Mo. banc 1981), to the trial court for an evidentiary hearing on the voluntariness of defendant's statements, the hearing was held on March 13, 1981 with defendant and counsel on both sides present. Three police officers, Janette Howard, Officer McCoy and Officer Jordan testified for the state. Defendant testified for himself. The trial court ruled that the statements made by defendant testified to in the original trial by the police officers were voluntary statements made in full knowledge of defendant's constitutional rights and without coercion. There is ample testimony in the record of the hearing to support the court's findings and conclusions, so the issue is concluded against the defendant and we will proceed to determine the questions which remain in the case.

■ First, defendant asserts that the court committed prejudicial error in failing to sustain defendant's pro se motion to dismiss his lawyer. Defendant contends his lawyer failed to investigate and prepare his case for defense, advised defendant to plead guilty and that he "can't beat the case", and failed to file a motion directed to failure to give *Miranda* warnings.

■ These claims are tantamount to a claim of ineffective assistance of counsel, something which experience has shown is best handled under Rule 27.26, rather than on appeal where the record, as here, is not developed sufficiently to permit adequate review (except that the *Miranda* point was found to be meritless on remand, *supra*). We do not know what defendant's appointed counsel would say about his advice to his client, nor can we tell what witnesses defendant claims his lawyer ignored, or what their testimony would have been, or whether the conflict, between defendant and his lawyer, if it in fact existed, was such as to warrant discharge of counsel and appointment of a substitute. Allegations of ineffective assistance of counsel are not ordinarily reviewable on direct appeal from a judgment of conviction. *State v. Johnson*, 460 S.W.2d 731, 732 (Mo.1970). A proceeding under Rule 27.26, wherein the issue can be fully explored, is the usual remedy. *State v. Cluck*, 451 S.W.2d 103, 107 (Mo. 1970). The focus of the trial before us was on other matters. We therefore overrule the claim that the court erred in failing to sustain the motion to dismiss counsel.

■ Defendant next contends that the court erred in admitting into evidence a photograph showing part of the bedroom where the rape occurred and specifically a light bulb on a nightstand next to the bed. The state later produced evidence that defendant's fingerprints were on the light bulb.

Defendant argues that there was no direct proof that he, or the intruder, had touched the light bulb during the commission of the crimes alleged and that therefore there was no foundation for the photograph's admission into evidence. Defendant's explanation for the fingerprints was that he had left them on the light bulb a few days earlier when he was in the victim's house waiting for her to get money from her purse to pay him for mowing her yard. He had picked up the light bulb, which was then lying on the table in the living room, and had shaken it to see if it was working or was bad.

The victim denied ever having hired defendant to cut grass or do anything else. She further testified (before the admission of the photograph) that the light bulb was in place in the lamp on a table by the bed when she went to bed and that the light bulb was on the table (as shown in the photograph) after the intruder had departed.

We see no error. The state was entitled to present evidence to the jury proving the presence of defendant in the bedroom where the rape occurred. There is nothing inflammatory about the photograph itself and the presence of the light bulb on the night table corroborates the victim's testimony as to its being in a different location after the attack than it was before the intruder entered the bedroom. *State v.*

*Jackson,* 499 S.W.2d 467, 472 (Mo.1973). The presence of defendant's fingerprints supports the proposition that he was the one who removed the bulb from the lamp and tends to show, therefore, that he was the intruder. This point is ruled against appellant.

 Appellant's last point is that the trial court committed plain error in not directing a mistrial during the closing argument of the prosecutor when the prosecutor made the following statement: "He told you—Mr. Willerth told you he [defendant], you know, is not like us. And he's not, he rapes and robs and burgles and threatens old ladies with baseball bats."

Defendant contends that the phrase "he ... is not like us" is a reference to defendant's racial background and unfairly inflamed and prejudiced the jury against defendant. While it is true that the prosecutor and the jury were all white and that defendant was black, we do not read the prosecutor's comment as being a reference to defendant's race. It was, rather, in reply to defense counsel's plea for the jury's understanding of defendant's lying at the time of his arrest:

> "It's a little different situation than if you and I are stopped driving home by the police tonight with no record; the reaction is going to be a little different. I know it's a lie; I ask you to sympathize with my client, and forgive him for that lie. And it was a lie because *he's not the same as you and I*; he's carrying the burden of that record with him when he goes on the streets." (emphasis supplied).

Defense counsel was referring to defendant's criminal record and the position it put defendant in with the police when counsel said "he's not the same as you and I." The prosecutor agreed "he is not like us", but for a different reason than that given by defense counsel: "he rapes and robs and burgles and threatens old ladies with baseball bats." It is inaccurate to take this as a reference to defendant's racial background. It was not. We see no error on the part of the trial court, plain or otherwise.

The judgment is affirmed.

RENDLEN, WELLIVER, MORGAN, HIGGINS and BARDGETT, JJ., concur.

DONNELLY, C. J., dissents in separate dissenting opinion filed.

DONNELLY, Chief Justice, dissenting.

I dissent for the reasons articulated in my dissent in *State v. Mitchell,* 611 S.W.d 211, 214, 215 (Mo. banc 1981).