**STATE of Missouri, Respondent,**

v.

**Fredrick John McCOY, Appellant.**

No. 45166.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 11, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied March 17, 1983.

Application to Transfer Denied
April 26, 1983.

Joseph W. Downey, Public Defender, St. Louis, Thomas F. Flynn, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted of receiving stolen property with a value of more than $150.00, a violation of § 570.080, RSMo. 1978.[1] He was sentenced to 90 days in the St. Louis Medium Security Institution, but the trial court suspended execution of sentence and placed defendant on two years probation. He appeals. We find no merit to his contentions of error and affirm his conviction.

Defendant challenges the sufficiency of the evidence. On appeal, we must consider the facts in evidence and all favorable inferences reasonably drawn therefrom in the light most favorable to the state, casting aside contrary evidence and inferences.

State v. Turner, 623 S.W.2d 4, 6 (Mo. banc 1981).

On December 29, 1980, someone kicked in the door to the apartment of Mr. James Stieber and took a Kenmore microwave oven with serial number 9E1701287. A microwave oven was furnished with each apartment in the building by the landlord. Over a period of three months, six or seven microwave ovens were taken in other burglaries in this apartment building.

On the evening of January 3, 1981, Detective Lawrence Stevens of the St. Louis Police Department was employed as a security guard in the apartment building when he heard "a loud noise like someone kicking in a door." He immediately went to the second floor where he met defendant in the hallway who told him someone had just kicked in his door and had run in the detective's direction. The detective, though testified that no one had passed him and he had seen no one in the hallway after he heard the noise. Defendant reported nothing missing from his apartment.

On January 7, 1981, Detective Stevens and three other police officers returned to the defendant's apartment with the belief that there was a stolen microwave oven there.[2] After they entered the apartment, Detective Stevens noticed a microwave oven unplugged and sitting on the kitchen counter with its back facing into the room. When the microwave oven was originally installed in the apartment, it was facing the opposite direction. It was the only microwave oven in the apartment. The detective subsequently discovered that the serial number on the microwave oven was the same as that reported stolen from the apartment of Mr. Stieber. At that point, defendant returned to his apartment, acknowledged the microwave was his and was placed under arrest.

The construction superintendent for the company which built the apartment com-

---

1. A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen.

2. The manner in which the police came to this belief was objected to as hearsay.

plex testified that he supervised the installation of all the microwave ovens in each apartment and the records established that the serial number of the microwave oven installed in Mr. Stieber's apartment was 9E1701287 while the serial number of the microwave oven in defendant's apartment was 9E1701256. The evidence also established that the manager of the apartment complex and a representative of the Department of Housing and Urban Development, who financed the construction, verified that the serial numbers of the appliances matched the records prepared by the construction superintendent.

Defendant testified that he moved into the apartment in December of 1979. He testified that the microwave oven police found in his apartment was the same one that was in his apartment when he moved in and could not be the one stolen from Mr. Stieber's apartment.

The state's verdict-director provided that the jury had to find:

First, that on January 7, 1981 in the City of St. Louis, State of Missouri, the defendant retained a Kenmore Microwave Oven, and

Second, that the property was that of another and had been stolen, and

Third, that at the time defendant retained this property, he knew or believed it had been stolen, and

Fourth, that the defendant retained the property for the purpose of using or disposing of it in such a way that made recovery by the owner unlikely, and

Fifth, that the property had a value of at least one hundred and fifty dollars.

Defendant contends that the state failed to prove: 1) that defendant retained the property in such a way that made recovery by the owner unlikely; 2) the property was stolen and that of another; and 3) that defendant knew the property was stolen.

Defendant contends that as to the fourth element in the verdict director, there was no evidence that the defendant retained the property for the purpose of using it in such a way that made recovery by the owner unlikely. We disagree.

■ It has long been established that ownership of stolen property may be charged either to the actual owner or the one rightfully in possession and a showing that the property was taken from one who merely had charge and control thereof is sufficient. *State v. Wilhite,* 587 S.W.2d 321, 324 (Mo.App.1979). Lawful custody and control of property, even though actually owned in the formal or strict sense by another, is in the eyes of the law a sufficient attribute of ownership to support an averment and proof of ownership. *State v. Pulis,* 579 S.W.2d 395, 399 (Mo.App.1979); *State v. Hill,* 528 S.W.2d 798, 801 (Mo.App. 1975).

■ James Stieber testified that he leased his apartment for a period of one year and that the apartment and its contents were under "his care, custody and control." He further testified that he gave no one permission to enter his apartment on December 29, 1980, or to take the microwave oven. Although it is apparent that Mr. Stieber did not own the microwave in the strict legal sense of title, it is evident that he had lawful custody and control of the microwave sufficient to constitute the owner for purpose of the offense of receiving stolen property. It is readily apparent that considering the circumstances in which the microwave oven was found, defendant intended to permanently deprive Mr. Stieber of his interest therein.

■ Nest, defendant contends there was no evidence that the property was that "of another," nor that the property was stolen. § 570.010(9), RSMo. 1978, defines property "of another" as property in which some natural person "other than the actor, has a possessory or proprietary interest." We have already resolved that Stieber had a possessary interest in the microwave and clearly qualifies as "another." Defendant asserts the oven was not stolen because it was not taken with the intent to deprive the owner permanently of the property. We have already resolved this contention against the defendant and we think it evident that in these circumstances the state

adduced sufficient evidence the property was stolen.

■ Finally, defendant contends there is no evidence that he knew the microwave oven was stolen. It is well settled that knowledge of the stolen character of goods is seldom proved directly and may be inferred from the facts and circumstances in evidence. *State v. Miller,* 433 S.W.2d 281, 283 (Mo.1968). Indeed, it is the unusual situation where there is direct evidence of the intent of a person charged with a crime and the requisite intent may and generally must be inferred from certain facts and circumstances. *State v. Hayes,* 597 S.W.2d 242, 248 (Mo.App.1980).

It has been held that the possession of recently stolen property does not give rise to an inference that the possessor is guilty of the offense of receiving stolen property,[3] but it is nonetheless, "a circumstance that the jury is entitled to consider, together with other facts and circumstances in the case." *State v. Sours,* 633 S.W.2d 255, 258 (Mo.App.1982).

■ Other circumstances which may be considered include whether the defendant has given false, evasive, or contradictory statements as to his possession of the property, the nature and character of the property as passing readily from hand to hand, suspicious behavior, and other conduct and declarations of the defendant inconsistent with his claim of innocence. *State v. Hayes,* 597 S.W.2d 242, 248 (Mo.App.1980); *State v. Sours,* 633 S.W.2d at 258.

**3.** Whether the lack of an inference of guilt in a receiving stolen property prosecution should continue in light of the enactment of the new criminal code and the significant changes made in the crime of receiving stolen property in 1979, has not been presented to an appellate court and a resolution of that question is not necessary in this case. *See State v. Sours,* 633 S.W.2d 255, 258 (Mo.App.1982).

**4.** We note that some of this evidence leads to the conclusion defendant participated in the burglary. Under the predecessor statute to § 570.080, RSMo. 1978, § 560.270, RSMo. 1969, defendant could not be the actual captor of the property and be guilty of receiving stolen

■ Here the property was easily carried and was found in defendant's apartment next door to where the burglary occurred. By its position in the kitchen it could be concluded the microwave was not in use and had either just been brought in or was about to be taken out of the apartment. The jury could have considered that defendant's explanation of his possession of the property was false, that he staged the attempted burglary of his own apartment five days after the burglary of Mr. Stieber's apartment to dispel suspicion from himself and he apparently disposed of the microwave which had been originally furnished with his apartment.[4]

Considering the evidence, the circumstances, and the suspicious behavior of defendant, we have concluded there was sufficient evidence to warrant the jury finding defendant knew he was retaining stolen property.

Affirmed.

CRIST, J., concurs.

CRANDALL, P.J., dissents in separate opinion.

CRANDALL, Presiding Judge.

I respectfully dissent. The evidence was insufficient to prove beyond a reasonable doubt the appellant knew or believed the property in question was stolen. There was no direct evidence presented on that element of the offense. Further, there was no circumstantial evidence adduced to satisfy the statutory rules of evidence relating to appellant's mental state.[1] I do not mean to

property. *State v. Montgomery,* 591 S.W.2d 412, 413 (Mo.App.1979). That has now been changed. Under a prosecution pursuant to § 570.080, " 'it makes little difference whether the jury infers that the defendant took directly from the owner or acquired the goods from another person who committed the act of taking." *Sours,* 633 S.W.2d at 258.

**1.** Section 570.080.2(1)–(3), RSMo (1978), provides that:

Evidence of the following is admissible in any criminal prosecution under this section to prove the requisite knowledge or belief of the alleged receiver:

suggest that these statutory methods of proving a defendant's mental state are exclusive. Certainly there may be circumstantial evidence other than that suggested by § 570.080.2, RSMo (1978), from which the jury could infer that appellant knew or believed the goods in his possession were stolen. Suspicious conduct, deceptive behavior or false statements by a defendant to police officers may also give rise to the inference of a defendant's guilty knowledge or belief. *State v. Hayes,* 597 S.W.2d 242, 248 (Mo.App.1980). However, the circumstantial evidence offered by the State to support the inference of a defendant's guilty knowledge or belief must necessarily be relevant to the defendant's mental state before it can be considered probative on that issue. The majority acknowledges that possession of recently stolen property does not give rise to an inference that the possessor is guilty of the offense of receiving stolen property. The additional evidence recited by the majority in support of the appellant's guilty knowledge or belief is not probative of the appellant's mental state. Appellant's mental state, guilty or otherwise, cannot be inferred from the fact that a microwave oven is easily transportable or from the fact that it was facing the wall in appellant's kitchen and was not in use at the time of his arrest. Although the jury could have disbelieved the appellant's explanation of his possession of the property, their disbelief is not the equivalent to affirmative proof of the contrary. *State v. Woods,* 434 S.W.2d 465, 469 (Mo.1968); *State v. Taylor,* 422 S.W.2d 633, 637 (Mo. 1968). The conclusion by the majority that appellant staged an attempted burglary to dispel suspicion from himself raises no more than a suspicion that appellant possessed goods he knew or believed were stolen. *See State v. Woods,* 434 S.W.2d at 469.

I believe the State has failed in its burden of proving beyond a reasonable doubt

(1) That he was found in possession or control of other property stolen on separate occasions from two or more persons;

(2) That he received other stolen property in another transaction within the year preceding the transaction charged;

the requisite mental state of the offense charged. I would reverse the conviction and order the appellant discharged.

(3) That he acquired the stolen property for a consideration which he knew was far below its reasonable value.