STATE of Missouri, Respondent,

v.

Dallas Junior CLUCK, Appellant.

No. 54426.

Supreme Court of Missouri,
Division No. 2.

March 9, 1970.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

Ted M. Henson, Jr., Poplar Bluff, for appellant.

DONNELLY, Presiding Judge.

Appellant, Dallas Junior Cluck, was convicted of stealing property from a dwelling house (§§ 560.156 and 560.161, RSMo 1959, V.A.M.S.) in the Circuit Court of Dunklin County, Missouri, and his punishment under the provisions of the Habitual Criminal Act, § 556.280, RSMo 1959, V.A.M.S., was assessed at imprisonment for a term of eight years. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

■ Appellant personally waived the filing of a motion for new trial in the trial court. Therefore, the points raised by appellant on appeal are not preserved for review unless they constitute "plain error" under S.Ct. Rule 27.20(c), V.A.M.R. State v. Patterson, Mo.Sup., 443 S.W.2d 104.

Appellant filed a motion to suppress his confession before trial. He contends on appeal that the trial court erred in overruling his motion to suppress and in allowing his confession to be admitted into evidence. We will consider the contention under S.Ct. Rule 27.20(c), V.A.M.R. State v. Beasley, Mo.Sup., 404 S.W.2d 689; State v Rapp, Mo.Sup., 412 S.W.2d 120.

On July 24, 1968, Joe Moore lived on Highway 25 north of Malden, Missouri. On that day a shotgun, a Crosley radio, a Frost King fan, miscellaneous papers, checks, and other documents were taken from his home without his consent.

On that same day Deputy Sheriff Bobby Dean McDonald and Jack Moore of the Malden Police Department arrested appellant in front of his home. After being arrested appellant was taken to the Malden Police Station and placed in jail.

Appellant was then taken out of jail, and Deputy Sheriff McDonald advised appellant of his rights as required in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694. After receiving the "Miranda warning," appellant indicated he would answer questions, but he did not confess at that time. He did, however, agree to accompany the two officers to his home.

Thereafter, appellant and the two officers went to appellant's home. Appellant told the two officers that they could search his home. After searching the home the two officers found the radio, the fan, and the checkbook, all of which had been taken from Joe Moore's home.

While they were at appellant's home, Officer Jack Moore, at appellant's request, went after appellant's wife and brought her there. Appellant did not make any confession while he and the officers were at his home.

Later, appellant was questioned at the state patrol room over the Malden City Hall and admitted stealing the property in question from Joe Moore. This confession was made some three hours after appellant and the officers had been to appellant's home.

At the time he made this confession, appellant was twenty-one years of age and had completed the eighth grade of school.

Appellant asserts the trial court erred in admitting the confession into evidence "because appellant was not given the warning required by Miranda v. Arizona, 384 U.S. 436, [86 S.Ct. 1602, 16 L.Ed.2d 694] * * * before the second session of interrogation which resulted in appellant making a confession, and thus appellant's rights against self-incrimination under the 5th and 14th Amendments of the Constitution of the United States were violated"; and "because appellant immediately prior to making the confession was not allowed to see and confer with his wife although appellant requested the right to do so more than once and for the further reason that appellant

was forced by the officers who had appellant in custody to confess in order to be allowed to see his wife, thus and thereby violating appellant's rights against self-incrimination as guaranteed to appellant by the 5th and 14th Amendments to the Constitution of the United States."

In Miller v. United States, 396 F.2d 492, at 495 and 496, the United States Court of Appeals for the Eighth Circuit said: "It is the substance of the defendant's contention that a second 'Miranda' warning ought to have been given before the questioning of the defendant was resumed in Chicago, and prior to the time that his oral statements were reduced in writing. The defendant reads *Miranda* as requiring that the full warning be given each time the interrogation process is renewed. This is not the first time this contention has been made before this Court. A similar one was made in Tucker v. United States, 375 F.2d at 365–366. In that case, this Court affirmed the defendant's conviction on a finding that the defendant had been warned of all of his 'Miranda' rights at the outset of the interrogation process. The implicit holding in *Tucker* was that a confession is not necessarily invalid because the 'Miranda' warning is not repeated in full each time the interrogation process is resumed after an interruption." See also State v. Davis (Iowa), 157 N.W.2d 907; People v. Perrin, 247 Cal.App.2d 838, 55 Cal.Rptr. 847; and People v. Hill, 39 Ill.2d 61, 233 N.E.2d 546.

Of course, the ultimate "question for determination is whether, considering the 'totality of the circumstances,' * * * [Dallas Junior Cluck's] statements were not voluntary and * * * should have been excluded." Clewis v. Texas, 386 U.S. 707, 708, 87 S.Ct. 1338, 1339, 18 L.Ed.2d 423.

█ We believe the trial court properly admitted the confession into evidence. Appellant was given the "Miranda" warning approximately three hours prior to the confession. This is relevant on the issue of voluntariness. Clewis v. Texas, supra, 386 U.S. 707, 709, 87 S.Ct. 1338. There is no

evidence that appellant was physically or mentally coerced or mistreated. He was twenty-one years of age with an eighth grade education. His wife was brought to him on one occasion. Although appellant indicated at the hearing on the motion to suppress that he confessed in order to see his wife, we cannot say that his "confession was obtained in an atmosphere of substantial coercion and inducement created by statements and actions of state authorities," such as existed in Haynes v. Washington, 373 U.S. 503, 513, 83 S.Ct. 1336, 1343, 10 L.Ed.2d 513. In short, we conclude that the confession was not a "product of a will overborne." Davis v. North Carolina, 384 U.S. 737, 742, 86 S.Ct. 1761, 16 L.Ed.2d 895.

█ Appellant next asserts the trial court erred in admitting the confession into evidence because "appellant's confession was triggered by an illegal search and seizure of appellant's home by law enforcement officers in violation of appellant's rights under the 4th Amendment and under the 5th Amendment to the Constitution of the United States." Interwined with this contention is appellant's assertion that "the trial court erred in allowing the State to prove by the testimony of two law enforcement officers that the stolen goods in question were found at appellant's home on the ground that the search and seizure which resulted in the finding by the law enforcement officers of this stolen property was without a search warrant, was without the consent of appellant, was not incident to an arrest, and was therefore in violation of appellant's rights under the 4th and 14th Amendments of the Constitution of the United States."

There is no record from which we can review this contention on direct appeal. These contentions were not raised in the motion to suppress nor was the evidence objected to at trial. Appellant had every reason to anticipate the evidence would be introduced at trial. We decline to consider these contentions on direct appeal. State v. O'Brien, Mo.Sup., 252 S.W.2d 357; State v. Lord, Mo.Sup., 286 S.W.2d 737; Annota-

tion, 50 A.L.R.2d 531, 583. They may be raised by the filing of a motion to vacate sentence under S.Ct. Rule 27.26, V.A.M.R.

■ Appellant next asserts "the trial court never made the proper findings on the record with respect to the Miranda warning being given, with respect to whether appellant waived his privilege against self-incrimination, with respect to whether appellant waived his right to have retained court-appointed counsel present at the interrogation, and with respect to whether the confession was voluntary." See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 2d 908. In Sims v. Georgia, 385 U.S. 538, 544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593, the Supreme Court of the United States said: " * * * Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity. * * * "

The record reads in part as follows: "THE COURT: Let the record show that out of the hearing and presence of the jury the defendant's Motion to Suppress Evidence was taken up by the Court and evidence was heard in connection and support thereof, and that after hearing the evidence the Court finds that the defendant was advised of his constitutional rights, and thereafter made statements to the arresting officers, said statements were voluntary and not produced or procured by coercion, threats or through fear, and not induced by promises of leniency, therefore the Motion to Suppress is overruled, and the Court finds beyond a reasonable doubt that the statements are voluntary and are competent evidence."

We are of the opinion that the Jackson v. Denno requirements are satisfied.

Appellant next contends the "trial court erred in permitting the prosecuting attorney on cross-examination to ask appellant's wife and only witness whether she had ever been involved 'in any trouble like this' and if she had been previously questioned by the FBI on the ground that these questions were irrelevant and were not proper impeachment of the witness and were outside of the scope of the direct examination and were asked by the prosecuting attorney for the sole and only reason of prejudicing the jury against appellant and for the further reason that these questions were an attempt by the prosecuting attorney to imply to the jury that appellant had been convicted of a previous offense."

■ Appellant's wife was the only witness who testified on behalf of the appellant. On direct examination, in an attempt to establish an alibi defense, she testified where appellant was on the day of the alleged crime. On cross-examination, the prosecuting attorney was permitted by the trial court to ask appellant's wife if she had been involved "in any trouble like this" and if she had been previously questioned by the FBI. No objection was made.

We have reviewed the whole record in this case and do not believe, under the facts and circumstances therein disclosed, that the trial court's failure to prohibit this line of questioning resulted in manifest injustice or miscarriage of justice. We decline to grant relief on this point under S.Ct. Rule 27.20(c).

Appellant finally contends the "trial court erred in failing on its own motion to set aside the conviction in this case and in not granting appellant a new trial because appellant had ineffective and inadequate court-appointed counsel in the trial court and thus was deprived of and denied the right to effective counsel, which is a right guaranteed by the 6th and 14th Amendments to the Constitution of the United States."

■ Appellant was represented by court-appointed counsel at trial and is represented by different counsel on appeal. Appellant's present counsel has raised on appeal the contention of ineffective assistance of counsel at trial. This is proper. "His role as advocate requires that he support his client's appeal to the best of his

ability." Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493. However, we decline to review this contention on direct appeal because the record does not sufficiently develop facts essential to a meaningful review.

If appellant believes he was deprived of effective assistance of counsel at trial, he may file a motion to vacate sentence under S.Ct. Rule 27.26, V.A.M.R. An evidentiary hearing may then be held and a full disclosure of all the facts may be had.

The judgment is affirmed.

All of the Judges concur.