**STATE of Missouri, Respondent,**

v.

**John G. PHILLIPS, Appellant.**

**No. 46507.**

Supreme Court of Missouri,
Division No. 1.

Dec. 14, 1970.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

Samuel Richeson, Dearing, Richeson, Roberts & Wegmann, Hillsboro, Nicholas Gasaway, Hillsboro, of Counsel, for appellant.

HIGGINS, Commissioner.

Appeal from conviction of murder, first degree. A jury assessed punishment at life imprisonment, and sentence and judgment were rendered accordingly. §§ 559.010, 559.030, V.A.M.S.

On August 3, 1954, an information was filed in the Circuit Court of Jefferson County, Missouri, charging John G. Phillips with murder, first degree, on July 19, 1954, of Louis Otto. Upon defendant's application, venue was changed and awarded to the Circuit Court of Iron County, Missouri. Trial commencing December 3, 1954, resulted in a verdict of guilty and an assessment of life imprisonment. Upon appeal, on March 11, 1957, the conviction was reversed and remanded for error in an instruction respecting voluntary statements of the defendant. See State v. Phillips, Mo., 299 S.W.2d 431, 435 [5]. On April 19, 1957, defendant moved to disqualify the Honorable Edward T. Eversole and, following his disqualification, the cause went to trial May 28, 1957, before the Honorable Joseph T. Tate, Special Judge. Again the verdict of the jury found defendant guilty, punishment was assessed at life imprisonment, and this second conviction was affirmed June 8, 1965. State v. Phillips, Mo., 324 S.W.2d 693. On June 8, 1970, the supreme court set aside its judgment affirming the conviction because defendant, an indigent, was not represented by counsel on his appeal. See Bosler v. Swenson, 8 Cir., 363 F.2d 154; Swenson v. Donnell, 8 Cir., 382 F.2d 248. The cause was remanded for appointment of counsel to brief the appeal, all of which has been accomplished, and the cause is again for review.

According to the brief now filed in appellant's behalf, "the errors hereinafter briefed and argued were neither raised in the motion for new trial nor considered by this Court on the prior appeal"; and neither is there now any question of the sufficiency of evidence to sustain the conviction.

Appellant's first contention is that the verdict was a nullity because the venire from which the jury was drawn was ordered by Judge Eversole after his disqualification causing his order to be "void."

■ It appears that the motion to disqualify Judge Eversole was filed April 19, 1957. On May 8, 1957, Judge Eversole ordered a venire for additional jurors, then sustained the motion for disqualification and ordered the cause to proceed to trial May 28, 1957, before Judge Tate. On May 28, 1957, Judge Tate assumed jurisdiction, "ordered that a venire for a sufficient number of jurors to try this case be issued," and, on that date, proceeded with the trial. The record does not show any

objection to either judge's order, to the venire thus assembled or to the jury drawn from it; and, as conceded by appellant, no such allegation of error was presented in the motion for new trial. Accordingly, the point is not for review, Criminal Rule 27.-20(a), V.A.M.R., State v. Johnson, Mo., 408 S.W.2d 24, 25 [1], State v. Meiers, Mo., 412 S.W.2d 478, 481, State v. Nolan, Mo., 423 S.W.2d 815, 818, State v. Thompson, Mo., 425 S.W.2d 80, 85, State v. Heard, Mo., December 14, 1970, 460 S.W. 570, and there is no suggestion of "manifest injustice or miscarriage of justice," to invoke review under Criminal Rule 27.20(c).

■ Appellant's next contention is that the trial court's "instruction of circumstantial evidence * * * No. 11, was prejudicially erroneous. * * *" He concedes that this charge was also not preserved by objection or in the motion for new trial and, for that reason, it is not for review. See authorities supra, and see also State v. Steele, Mo., 445 S.W.2d 636, 638; State v. Gooch, Mo., 420 S.W.2d 283, 287 [9–11]; State v. Jones, Mo., 386 S.W.2d 111, 114.

Nor is there any "plain error," Rule 27.-20(c), supra, in connection with the instruction. The case did consist substantially of circumstantial evidence; however, there was direct evidence by way of defendant's confession, and the court was thus not bound to instruct on circumstantial evidence. State v. Smith, Mo., 377 S.W.2d 241, 244. Appellant recognizes that the instruction is Section 3435, Raymond, Missouri Instructions, and that it was given in State v. Bauerle, 145 Mo. 1, 46 S.W. 609, 612, and State v. Tettaton, 159 Mo. 354, 60 S.W. 743, 746. Reference to those authorities shows that the instruction is not the typical definition of "circumstantial evidence" to be given when required in a circumstantial evidence case, Section 3431, Raymond, supra, but is, rather, a cautionary instruction to the effect that "circumstan-

tial evidence should always be cautiously considered. * * *" It would thus appear to have been to defendant's benefit.

Finally, appellant contends he had ineffective assistance of counsel "by reason of lack of experience, lack of trial preparation, or otherwise." He recognizes that the alleged deficiencies are in the area of "trial tactics" but argues that the cumulative effect "extends beyond the realm of judgment and into the realm of incompetency."

■ Again appellant concedes that this point was not presented to the trial court in the motion for new trial, and the record "does not sufficiently develop facts essential to a meaningful review." State v. Cluck, Mo., 451 S.W.2d 103, 107 [8]. Accordingly, review of such allegation is declined until such time as an evidentiary hearing may have been accorded on that issue under Criminal Rule 27.26, V.A.M.R. State v. Cluck, supra; State v. Martin, Mo., 451 S.W.2d 96, 99 [5]; State v. Bibbs, Mo., December 14, 1970, 461 S.W.2d 755; State v. Blackwell, Mo., November 9, 1970, 459 S.W.2d 268. Cf. State v. McQueen, Mo., 431 S.W.2d 445, 450 [6], and State v. Bosler, Mo., 432 S.W.2d 237, 238 [1, 2], where such issues were reviewed on original appeal under the "plain error rule," Rule 27.20(c), supra; but note also that those allegations of ineffective assistance of counsel arose from single isolated instances and the record on each was then fully developed.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.