STATE of Missouri, Plaintiff-Respondent,

v.

Lawrence William HAGEN, Defendant-Appellant.

No. 35420.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 19, 1973.

Ackerman, Schiller & Schwartz, Gideon H. Schiller, Michael A. Gross, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Richard E. Vodra, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

The defendant, who identified himself to the victim as "I am John the Communist and I will teach you how to love," was found guilty of rape and sentenced to five years by the jury in the Circuit Court of the City of St. Louis.

■ In open court, defendant, in the presence of his counsel, presented to the court a waiver of his right to file a motion for a new trial. Both defendant and his counsel signed the memorandum. In open court the judge examined the defendant and established of record that defendant (1) entered the waiver of his own free will and upon advice of counsel; (2) had discussed the matter with his family; (3) had no complaints against the services of his attorney at any stage of the proceedings; and (4) knew the consequences of his waiver. We, as did the trial court, find that the aforesaid waiver was knowingly, intelligently, and understandingly entered after the consequences had been explained to him by the court. Thus, we consider only matter of plain error. State v. Cluck, Mo., 451 S.W.2d 103, 104; Rule 27.20(c), V.A.M.R.

■ Viewing the evidence in the light most favorable to the State, State v. John-son, 457 S.W.2d 795, 797 (Mo.1970), we find that it was clearly sufficient to support the jury verdict. The victim identified the defendant, testified to the assault, made an immediate complaint and her testimony was corroborated medically and scientifically. So, whether or not he committed the offense was a jury question.

■ Defendant challenges the admission of his clothes and a vaginal smear into evidence and the overruling of his motion to suppress. Our examination of the record shows there was probable cause for his arrest; consequently, the court's denial of his motion to suppress was not error. State v. Novak, 428 S.W.2d 585 (Mo. 1968) and Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Nor was the reception into evidence of the vaginal slide and defendant's clothing plain error.

Pursuant to Rule 84.16, V.A.M.R., we affirm.

SMITH, P. J., and SIMEONE, KELLY and GUNN, JJ., concur.