**STATE of Missouri, Respondent,**

v.

**William Donald LINDLEY, Appellant.**

**No. 37293.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 7, 1976.

David M. Johnson, Daniel B. Hayes, Clayton, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Daniel M. Buescher, Pros. Atty., Joseph R. Aubuchon, Asst. Pros. Atty., Union, for respondent.

DOWD, Judge.

Defendant, William Donald Lindley, was convicted by a jury of burglary in the second degree and stealing and sentenced to consecutive terms of eight years for burglary and two years for stealing in the Missouri Department of Corrections. §§ 560.045, 560.110 RSMo 1969.

The victim, Myron Weible testified that on September 18, 1974 he left his trailer at 4:15 p. m., locking the doors and windows as he left. Upon his return at 11 p. m. he discovered a window broken and his stereo equipment missing. Weible testified that although he knew the defendant, he had not given him permission to borrow the equipment at a party several days before the burglary, as defendant contended. On cross examination Weible admitted drinking alcohol at the party, but denied he was so drunk that he might have forgotten he gave defendant permission.

The police arrested the defendant after discovering him with the stolen equipment at the trailer of a Mr. McGee. The police went to McGee's trailer after Ms. Lana Sherwood informed the police that she suspected the defendant and McGee had stolen the equipment. Sherwood testified that at McGee's request she drove him and the defendant to Weible's trailer to pick up some marijuana. At Weible's trailer she

observed McGee walked behind the trailer, heard glass breaking, and then saw the defendant enter the front of the trailer. Subsequently, she observed the two men carrying away stereo equipment from the trailer.

The defendant testified that he entered Weible's trailer by pushing out a piece of cardboard used to replace a missing window. He took the equipment under the belief that Weible had given him permission to enter the trailer and borrow the equipment at any time. He stated that he told police that he borrowed the equipment. The arresting officers testified that defendant told them that he had purchased the equipment the night before and made no mention of borrowing it.

■ The defendant raises two issues on appeal. First, that the trial court committed plain error and deprived the defendant effective assistance of counsel by denying the defense counsel's motion for leave to withdraw or in the alternative granting a continuance. The grant of leave to withdraw and grant of continuance is within the sound discretion of the trial court. *State v. Wilkinson*, 423 S.W.2d 693, 697[3] (Mo.1968); *Hammack v. White*, 464 S.W.2d 520 523[7] (Mo.App.1971).

■ Defendant's attorney, the Public Defender appointed by the court, filed his motion to withdraw seven days before trial. In it he alleged that defendant failed to cooperate in his defense in that he failed to keep in contact with his attorney, failed to answer phone calls and letters from his attorney, and failed to give complete assistance in the preparation of his own defense. While the record shows a lack of pretrial cooperation on the defendant's part, the defendant's attorney stated at trial that despite the lack of cooperation he would do his best. The record does not show that the defendant would have cooperated with another lawyer, or that another lawyer could have handled the case in a more competent manner. *State v. Hollins*, 512 S.W.2d 835, 838[5] (Mo.App.1974).

After carefully examining the record before us we find that counsel appears to have performed capably and diligently, and therefore the trial court did not abuse its discretion in denying leave to withdraw. *See State v. Riley*, 394 S.W.2d 360[3] (Mo. 1965). Nor was the denial of continuance error, since there is no showing that a continuance would have benefited the defendant's defense.

■ While the record is sufficient to decide that the court did not abuse its discretion in denying a motion to withdraw, it is not sufficiently developed to decide whether the defendant was denied effective assistance of counsel. Any further consideration by this court of defendant's allegations that he was denied effective assistance of counsel would be inappropriate. Allegations of ineffective assistance of counsel are not ordinarily reviewable on direct appeal from the judgment of conviction. *State v. Johnson*, 460 S.W.2d 731, 732[1] (Mo.1970). A proceeding under Rule 27.26 V.A.M.R., wherein the issue can be fully explored in an evidentiary hearing, is the usual remedy. *State v. Cluck*, 451 S.W.2d 103, 107[8] (Mo.1970). Allegations of ineffective assistance of counsel will be considered on direct appeal as plain error under Rule 27.20(c) V.A.M.R., if allegations arise from isolated instances and the record as to each of them is fully developed. *State v. Phillips*, 460 S.W.2d 567, 569[3] (Mo.1970).

■ Defendant supports his claim of ineffective assistance of counsel by numerous allegations, including: (1) failure to make objections during trial, (2) failure to cross examine any police officers, (3) counsel's attempted impeachment of a witness was actually damaging to the defense, (4) counsel failed to call certain key witnesses, and (5) counsel wrongly emphasized certain contentions in his motion for new trial. Collectively, defendant's allegations attack counsel's performance for the entire trial. More importantly, however, each allegation is either not an isolated instance or is not fully developed on the record. Thus, defendant's first point must be ruled against him.

Defendant's second point on appeal is that the trial court erred in denying a new trial after defendant alleged he discovered new evidence likely to change the outcome of the trial. Rule 27.19(a). The trial court has broad discretion in determining whether to grant a new trial on the basis of newly discovered evidence, and the courts do not favor granting new trials on that ground. *State v. Harper*, 473 S.W.2d 419, 421[1] (Mo.1971). A new trial will not be granted unless the defendant's motion for new trial shows, "(1) That the evidence first came to his knowledge since the trial; (2) That it was not owing to want of due diligence that it did not some sooner; (3) That it was so material that it would probably produce a different result if the new trial were granted; (4) That it was not merely cumulative; (5) That the object of the testimony was not merely to impeach the character or credit of a witness; (6) The affidavit of the witness himself should be produced, or its absence accounted for." *State v. Whitaker*, 312 S.W.2d 34, 41[15] (Mo.1958).

Defendant offers as new evidence (1) the testimony of several witnesses that Myron Weible did not own or rent the trailer, but merely had "access to it", and therefore the Missouri burglary statute was improperly applied, and (2) the testimony of Weible's brother that Weible gave the defendant permission to use his property many times in the past, and therefore the defendant's conviction was based on perjured testimony of Weible. In raising the issue defendant fails to meet the requirements of *State v. Whitaker, supra.*

There is no showing by the defendant that post-trial discovery was not owing to defendant's want of due diligence. *See State v. Green*, 305 S.W.2d 863, 873[20] (1957). All of the new evidence would seem to be easily discoverable prior to trial. *See State v. Harris*, 413 S.W.2d 244, 247[4] (Mo. 1967).

The challenge as to the applicability of the burglary statute, 560.045 RSMo 1969, based on the new evidence that the victim was not the owner of the trailer, is without merit. Missouri law requires that the information charging burglary allege ownership or, if title is immaterial, occupancy or possession of the premises at the time of the burglary. *State v. Peterson*, 305 S.W.2d 695, 698[5] (Mo.1957). Where, as is the case here, the information stated the victim was the owner of the property but the evidence showed that he was only a tenant or occupant the information is still sufficient to state the ownership necessary to meet the requirements of the state law. *State v. Yearwood*, 510 S.W.2d, 43, 45[4] (Mo.App. 1974).

The evidence of Weible's brother does not meet the *Whitaker* test, because by defendant's own admission it is only impeaching evidence. It is not, as defendant further alleges, perjured testimony upon which the conviction was based. Defendant's proffered evidence from Weible's brother shows only that Weible gave defendant permission to use his property in the past, but yields no direct proof that permission was given at the party to use the stolen property. Weible's testimony, that he never gave the defendant permission to enter his trailer, which defendant claims is perjured, was in response to a question inquiring about permission given the night of the party. Weible made no statement regarding past instances of the defendant borrowing his property. The testimony of Weible's brother is at best impeaching testimony and therefore the trial court did not err in denying a new trial.

The judgment is affirmed.

WEIER, P. J., and CLEMENS, J., concur.