STATE of Missouri,
Plaintiff-Respondent,

v.

Allen LOCKE, Defendant-Appellant.

No. 10961.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 13, 1979.

John B. Newberry, Springfield, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Kathryn Marie Krause, James R. Cumbee, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Chief Judge.

A jury found the defendant Allen Locke guilty of the murder of Ronald Max Ray and fixed the punishment at life imprisonment. Judgment and sentence were entered upon the verdict. The sentence recited that defendant "be committed to the custody of the Division of Corrections during his natural life, and that said defendant not be eligible for probation or parole until he has served a minimum of fifty years of his sentence." The crime occurred on July 13, 1976. The verdict of the jury was returned on July 7, 1977. Defendant was sentenced on August 17, 1977. Defendant appeals.

Defendant's first contention is that Instruction 6, one of the state's verdict-directing instructions, was erroneous. The challenged instruction, upon which the jury returned its verdict of guilty, is set out below.[1]

Defendant's first criticism of Instruction 6 is that it refers to the offense of murder in the first degree. That is erroneous, argues defendant, for the reason that "the statute § 559.010, under which defendant was charged, had been repealed" and for the further reason that there was no crime called murder in the first degree on July 13, 1976, the date of the instant offense.

In this opinion the following statutory references are used:

§ 559.010—§ 559.010 (RSMo Supp.1969). This statute was repealed in 1975, Laws of Missouri, 1975, p. 408.

§ 559.005—§ 559.005 (RSMo Supp.1975). This statute was repealed in 1977, Laws of Missouri, 1977, p. 718, H.B. 90 § A, effective May 26, 1977.

---

1.    "INSTRUCTION NO. 6

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 13th day of July, 1976, in the County of Greene, State of Missouri, the defendant or others caused the death of Ronald Max Ray by shooting him, and

Second, that the defendant or others intended to take the life of Ronald Max Ray, and

Third, that the defendant or others knew that they were practically certain to cause the death of Ronald Max Ray, and

Fourth, that the defendant or others considered taking the life of Ronald Max Ray and reflected upon this matter cooly and fully before doing so, and

Fifth, that the defendant acted either alone or knowingly and with common purpose together with others in the conduct referred to in the above paragraphs,

then you will find the defendant guilty of murder in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, then you must find the defendant not guilty of that offense.

If you do find the defendant guilty of murder in the first degree, you will fix his punishment at life imprisonment by the Division of Corrections."

§ 559.009—§ 559.009 (RSMo Supp.1975). This statute was repealed in 1977, Laws of Missouri, 1977, p. 718, H.B. 90 § A, effective May 26, 1977.

§ 559.011—§ 559.011 (RSMo Supp.1975). This statute was repealed in 1977, Laws of Missouri, 1977, p. 718, H.B. 90 § A, effective May 26, 1977.

Defendant is in error in claiming that the information charged him with a violation of § 559.010. That statute, it is true, was repealed in 1975. However, the statute under which defendant was charged and convicted was § 559.005. The portion of the sentence postponing eligibility for probation or parole was inserted pursuant to § 559.011.

■ Prior to the trial defendant filed a motion to dismiss the information. The motion was based on defendant's contention that § 559.005 and § 559.009 were unconstitutional. The trial court overruled the motion and defendant instituted a prohibition proceeding in the Supreme Court of Missouri. The supreme court ruled that "prosecution may be had under § 559.005 with punishment as specified in § 559.011, for the reasons delineated in *State of Missouri v. Duren*, Mo., 547 S.W.2d 476." *State ex rel. Locke v. Burkart*, 548 S.W.2d 550 (Mo.banc 1977).

In *Duren*, at p. 480, the court held that § 559.005 and § 559.009 "fail[ed] to provide a constitutionally acceptable procedure in Missouri for imposition of the death penalty." The court also held, at p. 481, however, that § 559.011 "is a viable statute." Section 559.011 is set out below.[2]

In *Duren* the court, at p. 481, said: ". . . [T]he use of the term 'capital' murder in both the title and body of § 559.005 (and in the other sections) is a misnomer and perhaps grammatically now incorrect. However, there is no law of which we are aware preventing such a designation for the crime therein defined."

The opinion in *Duren* was issued prior to the instant trial. *Duren* caused § 559.011 to come into play. Section 559.011, in effect, relabels the offense proscribed by § 559.005. In § 559.005 the offense was termed "capital murder." Section 559.011 provides that the offense "shall be deemed to be murder in the first degree." The trial court, in using the latter terminology in Instruction 6, was doubtless prompted to do so by the language of § 559.011.

The instant offense was committed on July 13, 1976. The following language appears in MAI–CR 2d, Vol. I, p. 15–4:

"[T]he following rules are adopted for all homicides *tried after* the effective date [April 12, 1978] of the 15.00 Series:

.    .    .    .    .

"b. For homicides committed on or after September 28, 1975 and before May 26, 1977 the substantive law will be the 1975 homicide law (now repealed) and certain other statutes still in force, such as those on second degree murder, manslaughter, etc. The 1975 homicide statutes were then known as RSMo 1969, Sections 559.005– 559.013. *In the future* the state's verdict directing instructions for the trial of homicides committed while those statutes were in effect will follow the MAI–CR homicide forms, e. g. MAI–CR 6.02 on Capital Murder, effective September 28, 1975, but eliminating the death penalty." (Emphasis added.)

The foregoing quotation from MAI–CR 2d was promulgated pursuant to an order of the Supreme Court of Missouri dated April 12, 1978, which was after the trial of the instant case.

It is true that MAI 6.02 on Capital Murder, effective September 28, 1975, mentioned in the foregoing quotation from

---

**2.** "559.011. *Alternative punishment if death penalty declared unconstitutional.*—If the category of capital murder or the penalty prescribed herein is declared to be unconstitutional by the Missouri supreme court or the United States Supreme Court, all killings which would be capital murder under any of the circumstances specified in section 559.005 shall be deemed to be murder in the first degree and the offender shall be punished accordingly, except that he shall not be eligible for probation or parole until he has served a minimum of fifty years of his sentence."

MAI–CR 2d, denominates the offense "capital murder" rather than "murder in the first degree."

The trial court cannot be faulted for not anticipating the language in MAI–CR 2d quoted above with reference to the use of MAI 6.02. Instruction 6 properly used the designation of the offense contained in § 559.011 and thereby avoided the use of the misnomer mentioned in *Duren.*

■ Section 559.005 and § 559.011, both held to be viable in *Duren,* were repealed in 1977,[3] as previously stated, and the effective date of the repeal was May 26, 1977, which was prior to defendant's trial. The repeal of § 559.005 and § 559.011, however, did not preclude the prosecution and punishment of defendant under those statutes for his commission of the instant offense. § 1.160 RSMo 1969 V.A.M.S.;[4] *State v. Errington,* 355 S.W.2d 952, 958 (Mo.banc 1962); *Ex parte Wilson,,* 330 Mo. 230, 48 S.W.2d 919 (banc 1932). See also *State v. Dickhout,* 324 Mo. 1194, 26 S.W.2d 937, 938[3] (1929).

Defendant's first criticism of Instruction 6 has no merit.

■ Defendant's second criticism of Instruction 6 is that it "failed to include the complete range of punishment by leaving out the fact that if the jury found the defendant guilty under Instruction No. 6 defendant could not be paroled for fifty years." The same contention was made in *State v. Hanson,* 587 S.W.2d 895 (Mo.App. 1979), where the defendant criticized Instruction 5 for the same omission. For the reasons stated in *Hanson,* defendant's second criticism of Instruction 6 has no merit.

Instruction 6 is not erroneous for any of the reasons assigned by defendant. Defendant's first contention has no merit.

■ Defendant's second contention is that the trial court erred "in sentencing defendant to life imprisonment without parole for fifty years since no such punishment existed at the time defendant is alleged to have committed murder and the application of the statute after the alleged crime amounts to an ex post facto law."

The authorities cited in the discussion of defendant's first criticism of Instruction 6 are applicable to defendant's second contention and demonstrate its lack of merit. *State v. Hanson,* supra, involved an offense which was committed on July 5, 1976. On that date, and on the date of the instant offense, § 559.005 and § 559.011 were, as held in *Duren,* "viable." This court, in *Hanson,* rejected defendant's assertion "that the sentencing of Hanson under the provisions of § 559.011, constituted the application of an ex post facto law in violation of Article I, Sections 10 and 13 of the Missouri Constitution and Article I, Section 10 of the United States Constitution."

It is true that Hanson's trial took place before the repeal of § 559.005 and § 559.011 and the instant trial took place after the repeal. The forepart of this opinion cites authorities supporting the proposition that the repeal of § 559.005 and § 559.011 did not preclude the prosecution and punishment of defendant under those two statutes for his commission of the instant offense.

Defendant's second contention has no merit.

---

3. For current murder statutes, enacted in lieu of § 559.005 and § 559.011 (RSMo Supp.1975), see § 565.001 et seq. (RSMo Supp.1977).

4. "1.160. *Effect of repeal of penal statute.* —No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except (1) that all such proceedings shall be conducted according to existing laws; and (2) that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law."

Defendant makes no claim that either of the two exceptions contained in § 1.160 is applicable here.

Defendant's third contention is that prior to and during his trial, when he was represented by another attorney, he was denied his right to effective assistance of counsel. Defendant claims that his trial counsel was derelict in the following respects: (a) failing to object to certain portions, seven in number, of the state's evidence; (b) failing to call certain persons as defense witnesses.

■■■ The direct appeal from a conviction is "ordinarily" [6] not the proper vehicle for a claim of ineffective assistance of counsel. Where the claim is raised on direct appeal, the court will refrain from ruling the issue where the record does not sufficiently develop the facts essential for a meaningful review.[7] A claim of this type may be raised as error on appeal only where it is based on isolated occurrences and the record as to each of them is fully developed.[8] The usual method for exploring the validity of a claim of ineffective assistance of counsel is the one afforded by Rule 27.-26.[9]

■■■ Defendant's third contention was not presented to the trial court in his motion for new trial. Defendant's brief in this court fails to cite any authority holding that any of the seven portions of the state's evidence, to which trial counsel failed to object, was in fact subject to proper objection. The instant record is incomplete as to what the testimony of the uncalled defense witnesses would have been and as to whether those witnesses were in fact available to be called.

This court refrains from ruling defendant's third contention for the reason that the record does not sufficiently develop the facts essential for a meaningful review.

*State v. Bibbs*, 461 S.W.2d 755, 760–61[9] (Mo.1970).

The judgment is affirmed.

All concur except PREWITT, J., not participating because not a member of the court when case was submitted.

6. *State v. Johnson*, 460 S.W.2d 731, 732 (Mo. 1970); *State v. Robinson*, 551 S.W.2d 309, 312[3] (Mo.App.1977); *State v. Lindley*, 545 S.W.2d 669, 671[3] (Mo.App.1976); *State v. Hedrick*, 499 S.W.2d 583, 585 (Mo.App.1973).

7. *State v. Cluck*, 451 S.W.2d 103, 107[8] (Mo. 1970); *State v. Phillips*, 460 S.W.2d 567, 569[3] (Mo.1970); *State v. Greathouse*, 519 S.W.2d 299, 300[1] (Mo.App.1975).

8. *State v. Phillips*, 460 S.W.2d 567, 569[3] (Mo. 1970); *State v. Evans*, 559 S.W.2d 641, 642[1] (Mo.App.1977); *State v. Lindley*, 545 S.W.2d 669, 671[4] (Mo.App.1976); *State v. Hedrick*, 499 S.W.2d 583, 586 (Mo.App.1973).

9. *State v. Martin*, 451 S.W.2d 96, 99 (Mo.1970); *State v. Cluck*, 451 S.W.2d 103, 107 (Mo.1970); *State v. Evans*, 559 S.W.2d 641, 642 (Mo.App. 1977); *State v. Robinson*, 551 S.W.2d 309, 312 (Mo.App.1977); *State v. Lindley*, 545 S.W.2d 669, 671 (Mo.App.1976).