_____

No. 95-4188EM
_____

Arvin J. Garrett,                      *
                                       *
          Appellant,                   *
                                       *   On Appeal from the United
     v.                                *   States District Court
                                       *   for the Eastern District
                                       *   of Missouri
Michael Groose,                        *
                                       *
          Appellee.                    *

                          _____

               Submitted:  September 11, 1996

                 Filed:  November 1, 1996
                          _____

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and
     WOLLMAN, Circuit Judge.
                          _____

RICHARD S. ARNOLD, Chief Judge.


     Arvin Garrett appeals the dismissal of his second habeas corpus
petition by the District Court.[1]  The Court dismissed two of his four
proffered grounds for relief as successive and two as abusive.  We hold
that petitioner has not met the requirements necessary to allow us to
consider this successive petition on its merits.  Therefore, we affirm.

_____

     [1]The Hon. George F. Gunn, Jr., United States District Judge
for the Eastern District of Missouri, adopting the report and
recommendation of the Hon. Terry I. Adelman, United States
Magistrate Judge for the Eastern District of Missouri.

I.

Arvin Garrett was convicted in 1978 of the first degree murder of James Bundy.[2] The Court sentenced him to life imprisonment without possibility of parole for 50 years. After an unsuccessful appeal of the guilty verdict, State v. Garrett, 595 S.W.2d 422 (Mo. App. 1980), Garrett brought his initial federal habeas corpus action, which was rejected. Garrett v. Armontrout, No. 85-2168-C(2) (E.D. Mo. 1985), aff'd, No. 86-2282 (8th Cir., Oct. 21, 1986). In 1990, Garrett sought post-conviction relief in state court, but again had no success. Garrett v. State, 814 S.W.2d 325 (Mo. App. 1991). He then, in 1995, filed this action in the District Court. The Court denied relief without an evidentiary hearing, dismissing two of Garrett's claims as successive and two as abusive. Garrett v. Groose, No. 4:95CV00758 (E.D. Mo., Oct. 4, 1995).

Garrett advanced four grounds for relief in his petition to the District Court. He contended first that his confession was involuntary because of his diminished mental capacity. He also claimed that his conviction was obtained through a violation of his right not to incriminate himself, again because his diminished mental capacity impeded his ability to recognize his rights. He asserted that the trial court's failure to sequester the jury and notify him of the nature of the charges violated his equal-protection rights. Finally, he argued that his trial, appellate, and state post-conviction counsel were ineffective. Recognizing that he faced a higher hurdle on his second petition, Garrett offered mental incapacity as an excuse providing the cause that a repeat petitioner must show to avoid having his claim dismissed. He offered to present as evidence in support of this claim the fact that drugs were being administered to him while in prison to treat

---

[2]Garrett was at the time serving a life sentence for another murder for which he had been convicted in 1977.

his anti-social personality disorder.[3]  Garrett argued that the mental illness prevented him from developing fully the claims he made previously, and from realizing the existence of the claims he failed to make.

## II.

In general, second or successive petitions for writs of habeas corpus must be dismissed unless the petitioner can show both cause and prejudice - cause, for example, justifying his failure to raise certain claims in an earlier petition, and prejudice resulting from those claims' not having been raised and decided earlier.  See, e.g., Washington v. Delo, 51 F.3d 756, 760 (8th Cir.), cert. denied, 116 S. Ct. 205 (1995).  Under certain narrowly limited circumstances, a petitioner might be able to show that, at the time of a previous filing, he had been suffering from a mental disorder so severe that it was impossible for him to understand the papers filed on his behalf or to make rational decisions about what claims to include in them.  We have said, for example, that "[a] conclusive showing of incompetence is required before mental illness can constitute cause." Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995).  "Mental illness and legal incompetence are not identical, nor are all mentally ill people legally

---

[3]Garrett claims he was being treated with Mellaril and Thorazine.  Mellaril is used to treat adults for depression and anxiety.  Thorazine is used to control manic depression and some psychotic disorders.  Drugs of these types have, in rare instances, been associated with temporary psychosis.  See Physicians' Desk Reference 2269-71, 2523-25 (50th ed. 1996).

Garrett claimed in his state post-conviction proceeding that he had been taking Mellaril and Thorazine at the time of his trial. His trial lawyer, however, noted that Garrett appeared perfectly competent when the two conferred prior to and during trial.  As no question arose about his competency to stand trial, no pretrial motion for a mental examination was made.  See Garrett v. State, 814 S.W.2d at 327-28.  Garrett's lawyer unsuccessfully moved for a mental examination after the guilty verdict and before sentencing. See State v. Garrett, 595 S.W.2d at 433-34.

incompetent."  Ibid.

Even if petitioner's allegations in the present case meet this standard, which we doubt, he cannot succeed, because the state courts have already found him competent, and this finding is entitled to a presumption of correctness under 28 U.S.C. § 2254(d)(8).  Defendant has been contending ever since 1978 that he was suffering from mental infirmity and was being treated with Thorazine and Mellaril.  His motion for a mental examination before sentencing was denied, and this action was affirmed on direct appeal.  State v. Garrett, supra, 595 S.W.2d at 433-34.  The opinion rejecting petitioner's contentions in this regard was filed in 1980.  Later, when petitioner applied for post-conviction relief in the state courts, an evidentiary hearing was held.  The lawyer who had represented petitioner at trial testified that he had no problems with petitioner in preparing the case, that petitioner was competent, that he was able to assist in his own defense, and that he did ably assist counsel.  Post-conviction relief was denied.  The Missouri Court of Appeals said:  "The testimony of movant's lawyer, which the motion court obviously believed, established there was no indication movant had any mental affliction or that the medication impaired his mental acuity."  Garrett v. State, supra, 814 S.W.2d at 328.

We have no reason to doubt these findings.  They certainly establish that petitioner was competent and able to assist in his own defense at the time of the trial.  It appears from papers filed by petitioner in the District Court in the instant case that the mental condition he now alleges is precisely the same as the impairment that he claimed in the state courts.  No facts are alleged to indicate that his condition worsened between the time of his trial in the state court and the filing of his first habeas petition.  Criminal law presumes that individuals are competent, see Smith v. Armontrout, 865 F.2d 1502, 1506 (8th Cir. 1988) (en banc) (subsequent history omitted), and a finding of competence,

-4-

once made, continues to be presumptively correct until some good reason to doubt it is presented.  Nothing like this has occurred in the present case.

We hold, therefore, that petitioner's allegation of cause, when considered in the context of the state-court records in his case, is legally insufficient.  The District Court was therefore correct in dismissing his second petition for writ of habeas corpus, and the judgment is

Affirmed.

A true copy.

    Attest:


        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.